OSCN Found Document:Question Submitted by: Daniel S. Sullivan, Chief Executive Officer, Grand River Dam Authority

 

 
 

 
 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only

 
 
 

 
 Question Submitted by: Daniel S. Sullivan, Chief Executive Officer, Grand River Dam Authority
2024 OK AG 9
Decided: 06/14/2024
Oklahoma Attorney General Opinions

Cite as: 2024 OK AG 9, __ __

 
¶0 This office has received your request for an official Attorney General Opinion in which you ask, in effect, the following question:
Consistent with Oklahoma law, may the Grand River Dam Authority ("GRDA") include private entities as additional insureds on a builder's risk insurance policy as consideration for the goods and services that the private entities will be providing under contracts?
I.
SUMMARY
¶1 Nearly eighty years ago, the Oklahoma Supreme Court held that GRDA is a self-liquidating agency not within the class of agencies subject to article X, section 23 of the Oklahoma Constitution and thus not subject to the indebtedness restriction in section 23. State ex rel. Kerr v. Grand River Dam Auth., 1945 OK 9, ¶ 15, 154 P.2d 946, 950. However, 2007 OK AG 41(the "2007 opinion") determined that the indebtedness restriction in article X, section 23 of the Oklahoma Constitution prohibits state agencies from insuring suppliers in state contracts. Through its limited overruling of 2006 OK AG 11, 2012 OK AG 18(the "2012 opinion") did not affect the 2007 opinion and, in fact, reaffirmed the constitutional prohibition on third-party indemnification of private entities. Nonetheless, this office now concludes that GRDA may include private entities as additional insureds on a builder's risk insurance policy when GRDA acts as the general contractor and only provides first-party coverage to materials and property during the period of construction. As a result, the 2007 opinion is overruled as to GRDA only.
II.
BACKGROUND
¶2 Your request details GRDA's plan to construct a natural gas-fired electricity generation unit at the Grand River Energy Center. GRDA will serve as the general contractor under an EPCM[1] agreement during the construction. As the general contractor, GRDA will contract directly with the subcontractors to supply services, equipment, and materials supporting the construction project. To this end, GRDA asserts that it, as the property owner and general contractor, is responsible for maintaining builder's risk insurance coverage. According to your request, the subcontractors demanded to be included as additional insureds to GRDA's builder's risk insurance policy. Your request also asserts that including subcontractors as additional insureds to a builder's risk insurance policy is a standard industry practice and an expectation of the subcontractors. In your request, you further stated all subcontractors will be required to maintain their own commercial general liability insurance to cover third-party claims arising from their negligence.
¶3 In 2007, this office determined that GRDA may not include a private entity as an additional insured on an insurance policy purchased with public funds. 2007 OK AG 41, ¶ 27. That opinion relied on a 2006 opinion, which you assert was "largely overruled" in 2012. Accordingly, you asked whether the conclusion reached in the 2007 opinion is correct, and more specifically, if the GRDA can include a subcontractor as an additional insured on GRDA's builder's risk insurance policy. As a result, this office must examine article X, section 23 of the Oklahoma Constitution (a focal point for the 2007 opinion's determination), 2006 OK AG 11, the 2012 opinion, and two Oklahoma Supreme Court cases.
III.
DISCUSSION
¶4 Your request inquires whether the 2007 opinion incorrectly determined that GRDA's inclusion of an additional insured violates article X, section 23 of the Oklahoma Constitution, which states:
The state shall never create or authorize the creation of any debt or obligation, or fund or pay any deficit, against the state, or any department, institution or agency thereof, regardless of its form or the source of money from which it is to be paid, except as may be provided in this section and in Sections 24 and 25 of Article X of the Constitution of the State of Oklahoma.
OKLA. CONST. art. X, § 23.
¶5 The Oklahoma Supreme Court found in Sheldon v. Grand River Dam Authority that GRDA is a self-liquidating agency. 1938 OK 76, ¶ 20, 76 P.2d 355, 362. The Court based this determination on GRDA's enabling statute, which states:
[N]othing in this Act or in any other Act or law contained, however, shall be construed as authorizing the District to levy or collect taxes or assessments, or to create any indebtedness payable out of taxes or assessments, or in any manner to pledge the credit of the State of Oklahoma, or any subdivision thereof. 
Id. (citing Act of Apr. 26, 1935, ch. 70, art. IV, Sess. L. 1935 (codified at 82 O.S. § 861). Further, the Court found that GRDA's enabling act does not pledge "any revenues derived from taxation, either on an ad valorem basis or by special taxes" and that "[i]n the event of the failure of revenues from the properties to be acquired by the District, the state is under no obligation to make up the loss." Id. The same language cited by the Court to reach this conclusion in GRDA's enabling statute remains law today. See 82 O.S.2021, § 861.
¶6 In Kerr, the Oklahoma Supreme Court held that as a self-liquidating agency, GRDA is not within the class of agencies embraced within the terms of article X, section 23 and thus not subject to the provisions of the amendment restricting its power to incur indebtedness of its own volition. Kerr, 1945 OK 9, ¶¶ 14--18, 154 P.2d at 950. The Court held that revenue as used in article X, section 23 refers to "revenue provided under the taxing power of the State, and the word 'obligations' has reference to an indebtedness for the payment of which resort, previous to such amendment, might properly be had to the taxing power of the State." Id. ¶ 15. As such, GRDA does not "operate in whole or in part on State revenue as defined and [its] obligations cannot become debts of the State [and thus] are not within the purview of said provisions of the amendment inhibiting creation of indebtedness in excess of current revenue." Id.
¶7 Unlike other state agencies supported by appropriations sourced from the State's taxing power, GRDA is a self-liquidating agency. As set forth above, the Oklahoma Supreme Court's rulings in Kerr and Sheldon declare that GRDA does not fall within the class of government agencies subject to article X, section 23 and is thus not constrained by its limitations.[2] Though the office concludes in this opinion that GRDA should not be subject to the 2007 opinion, all government agencies supported by the State's taxing power, and are thus bound by the debt limitation restrictions under article X, section 23, remain subject to the 2007 opinion.
¶8 It is, therefore, the official Opinion of the Attorney General that:
The Sheldon and Kerr holdings preclude application of article X, section 23, including its debt limitation restrictions, on GRDA. The 2007 opinion is overruled to the extent that it conflicts with this opinion's conclusion as to GRDA only. The 2007 opinion remains in effect for all other government agencies supported by the State's taxing power and thus bound by the debt limitation restrictions of article X, section 23.
 
GENTNER DRUMMOND
ATTORNEY GENERAL OF OKLAHOMA
JAMES L. CRAWFORD
ASSISTANT ATTORNEY GENERAL
FOOTNOTES
[1] The acronym, EPCM, stands for engineering, procurement, and construction management.
[2] As a result of this conclusion, GRDA would be permitted to add subcontractors as additional insureds on a builder's risk policy.

 Citationizer© Summary of Documents Citing This Document
 
 
 
 Cite
 Name
 Level
 
 
 
 None Found.
 
 
 Citationizer: Table of Authority
 
 
 
 Cite
 Name
 Level
 
 
 
 Oklahoma Attorney General's Opinions

 
Cite
Name
Level

 
2006 OK AG 11, 
Question Submitted by: Director John S. Richard, Department of Central Services
Discussed

 
2007 OK AG 41, 
Question Submitted by: Kevin A. Easley, Chief Executive Officer, Grand River Dam Authority
Discussed

 
2012 OK AG 18, 
Question Submitted by: The Honorable Brian Bingman, President Pro Tempore
Cited

Oklahoma Supreme Court Cases

 
Cite
Name
Level

 
1938 OK 76, 76 P.2d 355, 182 Okla. 24, 
SHELDON v. GRAND RIVER DAM AUTH.
Discussed

 
1945 OK 9, 154 P.2d 946, 195 Okla. 8, 
STATE ex rel. KERR v. GRAND RIVER DAM AUTH.
Discussed at Length

Title 82. Waters and Water Rights

 
Cite
Name
Level

 
82 O.S. 861, 
District Created and Territory Included - Governmental Agency and Body Politic - Powers - Designation of Land and Water
Discussed

 
 

 
 
 
 

 
 

 
 
 
 oscn
 
 EMAIL: webmaster@oscn.net
 Oklahoma Judicial Center
 2100 N Lincoln Blvd.
 Oklahoma City, OK 73105
 
 
 courts
 
 Supreme Court of Oklahoma
 Court of Criminal Appeals 
 Court of Civil Appeals
 District Courts
 
 
 
 decisions
 
 New Decisions
 Supreme Court of Oklahoma
 Court of Criminal Appeals
 Court of Civil Appeals
 
 
 
 programs
 
 The Sovereignty Symposium
 
 Alternative Dispute Resolution
 Early Settlement Mediation
 Children's Court Improvement Program (CIP)
 Judicial Nominating Commission
 Certified Courtroom Interpreters
 Certified Shorthand Reporters
 Accessibility ADA
 
 
 
 
 
 
 
 
 Contact Us
 Careers
 Accessibility ADA